Date signed April 26, 2010



IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
at GREENBELT

| | | | |
|---|---|---|---|
| **In Re:** | * | | |
| **Yunior Payano de la Rosa and** | * | Case No. | 09-28093-TJC |
| **Paulina Alexandra Payano** | * | Chapter | 7 |
| **Debtors** | * | | |
| ****************************************** | * | | |
| **Yunior Payano de la Rosa and** | * | | |
| **Paulina Alexandra Payano** | * | | |
| **Plaintiffs** | * | Adv. No. | 10-00039 |
| vs. | * | | |
| **Montgomery County Teachers Federal Credit Union** | * * | | |
| **Defendant** | * | | |
| ****************************************** | * | | |
| **Montgomery County Teachers Federal Credit Union** | * * | | |
| **3rd Party Plaintiff** | * | | |
| vs. | * | | |
| **U.S. Transnet Corp.** | * | | |
| **Vince E. Flook** | * | | |
| | * | | |
| **3rd Party Defendants** | * | | |

1

## Memorandum of Decision

Plaintiffs Yunior Payano de la Rosa and Paulina Alexandra Payano ("Plaintiffs") filed a two count complaint against the Montgomery County Teachers Federal Credit Union ("Defendant") alleging a violation of the automatic stay and intentional infliction of emotional distress. Defendant filed a motion to dismiss the intentional infliction of emotional distress count, asserting that the Plaintiffs fail to allege a cause of action under Maryland law. The Plaintiffs contend they allege sufficient factual allegations to sustain their claim. The Court heard argument on April 21, 2010. For the reasons set forth herein, the Court will dismiss Count II of the complaint.

## Facts as Alleged in the Complaint

The Plaintiffs filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 24, 2009. They own a 2007 Toyota Corolla. Defendant has a perfected security interest against the vehicle. *Complaint* at ¶¶ 7, 8.

The Plaintiffs continued to make their monthly car payment to the Defendant after the petition. *Id* at ¶ 11. Although the Defendant was aware of the bankruptcy case, on November 6, 2009, Defendant's agent, while acting within the scope of employment, broke into the Plaintiffs' garage to repossess the car. *Id*. at ¶¶ 12, 25, 30,

The Defendant's actions awoke the Plaintiffs. *Id*., ¶¶12, 14. Yunior investigated and discovered a strange man removing the car from the garage. *Id*. at ¶¶ 15, 16. The man began screaming and threatening Yunior. He was extremely loud and was screaming that Plaintiffs had not paid their car payments. *Id*. at ¶18.

Paulina was terrified and called the 911. Within five minutes the police called to report that the Defendant was repossessing the car. *Id*. at ¶ 19. They advised that because this was a repossession they would not get involved. *Id*. at ¶ 20.

Paulina was pregnant, and had just been released from the hospital that evening for fatigue and back pain. *Id*. at ¶¶ 13, 22. She had been ordered to rest. The incident terrified her and was very traumatic for her. *Id*. at ¶¶ 19, 24.

## Conclusions of Law

The U.S. Supreme Court recently clarified the standards that a court must apply in resolving a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Under Fed. R. Civ. P. 8(a)(2), incorporated by Fed. R. Bankr. P. 7008(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "As the Court held in *Twombly,* 550 U.S. 544 (2007) (parallel citations omitted) the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1948 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

3

*Id.* at 1949 (citations omitted).

With these principles in mind, the Court will turn to a discussion of the elements of intentional infliction of emotional distress. This cause of action was first established as an independent tort under Maryland law in *Harris v. Jones*, 380 A.2d. 611, 614 (Md. 1977), which set forth the four elements that must be satisfied: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; (4) the emotional distress must be severe. *Id*. at 614. "Each of these elements must be pled and proved with specificity[,]" and a deficiency as to any one of them is fatal to the claim. *See Foor v. Juvenile Services Administration*, 552 A.2d. 947, 959 (Md. App. 1989). Intentional infliction of emotional distress claims are "rarely viable in a case brought under Maryland law." *Takacs v. Flore*, 473 F. Supp.2d 647, 652 (D. Md. 2007) (citations omitted).

*Severity of the Emotional Distress*

Here, the complaint falls woefully short in making the necessary allegations to establish the required severity of the emotional distress. This element requires proof of emotional distress so severe that the plaintiff is "unable, even temporarily, to carry on to some degree with the daily routine of her life." *Moniodis v. Cook*, 494 A.2d 212, 219 (Md. App.1985) (superseded by statute on other grounds). Stated otherwise, the severity of the emotional distress must be "of such substantial quantity or enduring quality that no reasonable [person] in a civilized society should be expected to endure it." *Gallagher v. Bituminous Fire and Marine Ins. Co.*, 492 A.2d 1280, 1285 (citation omitted).

The following are cases which allegations of emotional distress were held to be legally insufficient.  In *Caldor, Inc. v. Bowden,* 625 A.2d 959, 963-4 (Md. 1993), evidence that a sixteen-year-old store employee—who was falsely imprisoned for four hours, coerced into signing a confession that he had stolen money, and maliciously prosecuted—went to a psychologist one time, felt insecure and incapable of trusting others, and suffered weight loss was held insufficient to show severe distress.  In *Harris,* 380 A.2d at 612, it was proved that the plaintiff's supervisor mimicked, harassed and embarrassed the plaintiff about his speech defect for five years, but evidence that the plaintiff was humiliated and his speech defect was exacerbated were held insufficient to show severe distress.  In *Takacs,* 473 F.Supp.2d at 652, the plaintiff's emotional distress claim was dismissed even though she alleged "debilitating conditions, including severe depression, anxiety, sleeplessness, headaches and [being] sick to her stomach, [because] she does not allege that she has been unable to function on a daily basis, even if her functioning is presumably affected by her psychological and physical distress."  And in *Leese v. Baltimore County,* 497 A.2d 159, 174 (Md. 1985) (overruled in part on other grounds), the plaintiff's allegations that he suffered "physical pain, emotional suffering, and great mental anguish" failed to state a claim because these allegations fell short of the "evidentiary particulars" required.

The complaint alleges only that Paulina was "terrified" and the experience was "very traumatic for her."  *Complaint*, ¶¶ 19, 24.  It also states she was "humiliated in front of her neighbors." *Id.*, ¶ 33.  These allegations do not come close to establishing the severity of emotional distress necessary under Maryland law as reflected in the above cases.  Further, the complaint does not state any facts that could lead to the conclusion

5

that Yunior experienced severe emotional distress, other than to state in conclusory terms that both Plaintiffs suffered severe and extreme emotional distress.  But a "pleading that offers "labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

The Plaintiffs' allegations on the severity of their emotional distress, such as they are, are not as severe as many of the fact patterns that exist in the cases cited above, in which those more severe symptoms were determined to be insufficient to establish the necessary level of severity under Maryland law.  It certainly could not be determined from this complaint that Plaintiffs have "been unable, even temporarily, to carry on to some degree with the daily routine of [their] life," *Moniodis,* 494 A.2d at 219, or that they have suffered emotional distress "of such substantial quantity or enduring quality that no reasonable [person] in a civilized society should be expected to endure it."  *Gallagher*, 492 A.2d at 1285 (quotations omitted).

Therefore, because the Plaintiffs' allegations do not satisfy the level of severity required by Maryland law, and because a deficiency as to any one element is fatal to the claim, *Foor*, 78 Md.App. at 175, the Court need not address the remaining elements of the claim.

## Conclusion

For the foregoing reasons the Court will dismiss Count II of the complaint.

Copies to:

Plaintiffs
Plaintiffs' Counsel
Defendant
Defendant's Counsel
3rd Party Defendants
3rd Party Defendants' Counsel

Trustee
Office of the U.S. Trustee


**END OF MEMORANDUM**

Case 10-00039    Doc 24    Filed 04/26/10    Page 7 of 7