**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| In re: | * | |
| YUNIOR PAYANO DE LA ROSA PAULINA ALEXANDRA PAYANO | * | Case No.: 09-28093 |
| | * | Chapter 7 |
| Debtors | * | |

* * * * * *   * * * * *

| | | |
|---|---|---|
| YUNIOR PAYANO DE LA ROSA, et al. | * | |
| Plaintiff | * | |
| v. | * | Adversary No.:  10-00039 TJC |
| MONTGOMERY COUNTY TEACHERS FEDERAL CREDIT UNION | * | |
| | * | |
| Defendant | * | |

* * * * * *   * * * * *

| | |
|---|---|
| MONTGOMERY COUNTY TEACHERS FEDERAL CREDIT UNION | * |
| | * |
| Third Party Plaintiff | |
| | * |
| v. | |
| | * |
| VINCE E. FLOOK D/B/A VINNY'S TOWING AND RECOVERY, ET AL. | * |
| | * |
| Third Party Defendants | |
| | * |

* * * * * * *   * * * * * *

**OPPOSITION TO MOTION OF VINCE E. FLOOK D/B/A VINNY'S TOWING AND RECOVERY TO DISMISS THIRD PARTY COMPLAINT**

Montgomery County Teachers Federal Credit Union ("MCTFCU"), by its attorneys Craig F. Ballew, Michael K. Hourigan, and FERGUSON, SCHETELICH & BALLEW, P.A., submits this Opposition to the Motion to Dismiss Third Party Complaint of Third Party Defendant Vince E. Flook *d/b/a* Vinny's Towing and Recovery ("Vinny's Towing"), and in support thereof states:

MCTFCU's Third Party Complaint against Vinny's Towing arises out of Vinny's Towing's alleged conduct in repossessing a vehicle possessed by Plaintiffs Yunior Payano de la Rosa and Paulina Alexandra Payano, as set forth more fully in their Adversary Complaint against MCTFCU. Compl. at ¶¶ 7-25 (Docket Entry 1). The remaining claim that Plaintiffs have against MCTFCU seeks damages arising out of MCTFCU's violation of the automatic stay, including property damages to their garage and damages for emotional distress, pain, embarrassment and humiliation. Compl. at ¶32, 33. MCTFCU has sued Vinny's Towing for indemnity and contribution based on its alleged unauthorized actions which caused property damage and emotional distress damages to Plaintiffs. Third Party Compl. (Docket Entry 16). Vinny's Towing has moved to dismiss the Third Party Complaint for lack of subject matter jurisdiction under 28 U.S.C. §1334.

This Court has subject matter jurisdiction over the Third Party Complaint under 28 U.S.C. §1334. In the alternative, even if this Court determines that it does not have subject matter jurisdiction under 28 U.S.C. §1334, it is appropriate that this Court exercise supplemental jurisdiction under 28 U.S.C. §1367. Accordingly, Vinny's Towing's Motion to Dismiss Third Party Complaint should be denied.

**ARGUMENT**

**I. Subject Matter Jurisdiction Exists Under 28 U.S.C. §1334**

As Vinny's Towing points out in its Motion, the Fourth Circuit, in In re Celotex Corp., 124 F.3d 619 (4th Cir. 1997), recognized its adoption of the Third Circuit's test for "related to" jurisdiction enunciated in Pacor, Inc. v. Higgins, 743 F.2d 984, 993 (3rd Cir. 1984):

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*See Celotex* at 625-6 (emphasis in original). The Third Circuit has elaborated on this standard, stating:

> A key word in [this test] is conceivable. Certainty, or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate.

Halper v. Halper, 164 F.3d 830, 837 (3rd Cir. 1999) (internal quotations omitted). There are many conceivable ways in which the third party proceeding against Vinny's Towing could impact Plaintiffs, despite Vinny's Towing's assertions otherwise.

At least two district courts have allowed third party claims to proceed where allowing the third party claim to go forward would affect the handling and realizable value of the bankrupt estate. See, e.g. In re Fort Worth Osteopathic Hospital, 2008 WL 2553066, Bankr. No. 05-41513 DML, Adv. No. 07-04015 DML, March 6, 2008 (Bkr. N.D. Tex.); In re Willcox & Gibbs, Inc., 314 B.R. 541, 544 (D. Del. 2004). It is conceivable that MCTFCU may not have sufficient

3

assets to promptly pay any judgment obtained by Plaintiffs against MCTFCU and that allowing the contribution claim to proceed would allow Plaintiffs a quicker recovery. It is also conceivable that adding Vinny's Towing to this action could facilitate an earlier settlement than would be obtained otherwise since they would be an additional party that could contribute to the settlement, which would impact the administration of the Estate.

Based on the allegations of Plaintiffs' Complaint, Plaintiffs could have directly asserted a claim against Vinny's Towing. While Plaintiffs have not directly asserted such a claim, having Vinny's Towing present at settlement negotiations to contribute to any possible settlement would work to the benefit of Plaintiffs and the Estate.

Based on the foregoing, this Court has subject matter jurisdiction over the Third Party Complaint filed by MCTFCU against Vinny's Towing under 28 U.S.C. §1334.

## II. The Exercise of Supplemental Jurisdiction Under 28 U.S.C. §1367 is Appropriate

Should the Court hold that 28 U.S.C. §1334 does not confer jurisdiction over the Third Party Complaint, it is appropriate that the Court exercise supplemental jurisdiction under 28 U.S.C. §1367 in this matter. The Third Party Complaint against Vinny's Towing shares a common nucleus of operative facts such that it forms part of the same case and controversy under 28 U.S.C. §1367(a). It arises out of the exact same set of facts as the underlying Complaint, in that MCTFCU was sued in part for actions taken by Vinny's Towing. Indeed, had Plaintiffs been aware of the identity of Vinny's Towing when they filed the Adversary Proceeding, it is possible that Vinny's Towing would have been added as a co-Defendant, in light of the fact that Plaintiffs are attempting to hold MCTFCU liable for an alleged breaking and entering into their garage that, if proven, was undertaken by Vinny's Towing. The damage done

to Plaintiffs' property, if proven, was caused by Vinny's Towing.  The facts of the present case strongly favor the application of supplemental jurisdiction.  Accordingly, even if the Court determines that it does not have jurisdiction over the Third Party Complaint under 28 U.S.C. §1334, 28 U.S.C. §1367 should be applied to permit the Third Party Complaint to proceed in this forum.

Resolution of this matter as a part of the pending adversary proceeding is in the best interest of all parties involved and is entirely consistent with the jurisdiction of the Bankruptcy Court.  The Bankruptcy Court, despite its limited jurisdiction, remains a Federal Court.  The idea that a principal, sued for damages caused by its alleged agent, could not interplead its alleged agent into an adversary proceeding is absurd.  Further, a third party complaint filed by a principal against its agent on the grounds that the agent should be held liable for its wrongdoing is a commonplace occurrence.  All of the issues presented in the Third Party Complaint will be fully litigated in the Adversary Proceeding.  Should the Court decline to exercise "related to" jurisdiction, MCTFCU would pursue a claim against Vinny's Towing in State Court.  Vinny's Towing would still have to participate in discovery in the present action and its representatives would still be called to testify at trial.  Separating the two actions would simply create another duplicate trial where the exact same issues would be re-litigated, unnecessarily wasting time and expense for the Courts and the parties and risking the possibility of inconsistent judgments.

## CONCLUSION

As set forth above, this Court has jurisdiction over the Third Party Complaint filed by MCTFCU. Accordingly, MCTFCU respectfully requests that Vinny's Towing's Motion to Dismiss be denied.[1]

FERGUSON, SCHETELICH & BALLEW, P.A.

By:    /s/
Craig F. Ballew
Federal Bar ID No.: 04932


   /s/
Michael K. Hourigan
Federal Bar ID No.: 25938
100 S. Charles Street, Suite 1401
Baltimore, Maryland 21201-2725
(410) 837-2200
(410) 837-1188
cballew@fsb-law.com
mhourigan@fsb-law.com
*Attorneys for Defendant*

---

[1] Contemporaneously herewith, MCTFCU is filing an Amended Third Party Complaint, which addresses the pleading defects alleged by Vinny's Towing in its Motion to Dismiss Third Party Complaint.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of May, 2010, a copy of the foregoing Opposition to Third Party Defendant's Motion to Dismiss was mailed via first-class mail, postage prepaid, or delivered via the Court's electronic filing system, as appropriate, to the following:

M. Christina Gonzaga-Hamilton, Esquire
Goren, Wolff & Orenstein, LLC
Shady Grove Plaza
15245 Shady Grove Road
Suite 465 North
Rockville, Maryland 20850
*Attorneys for Plaintiff*

Andrew L. Cole, Esquire
Franklin & Prokopik, P.C.
The B&O Building
Two N. Charles St., Suite 600
Baltimore, Maryland 21201
*Attorneys for Vince E. Flook d/b/a*
*Vinny's Towing and Recovery*

U.S. Transnet Corp.
728 Fentress Blvd.
Daytona Beach, Florida 32114
Attn.: Eric Benz, Managing Director

_____/s/_____<br>*Attorneys for Defendant*